**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. HUBBARD,<br><br>　　　　Defendant. | No. 2:20-CV-1577-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at California State Prison, Corcoran, however the events alleged took place at California State Prison, Sacramento.  Plaintiff is filing suit against a senior librarian at the California State Prison, Sacramento, Ms. A. Hubbard.  ECF No. 1, pg. 4. Plaintiff is alleging a violation of his right to due process for the issuance of a rules violation report and the subsequent alleged repercussions.  Id.  On July 12, 2018, plaintiff returned two packets of legal paging that had been borrowed from the prison's legal library.  Id.  Plaintiff states that at the time he returned the documents there was no writing on them.  Id. The defendant, Ms. A. Hubbard, wrote a rules violation report for the incident on July 13, 2018, stating that plaintiff had damaged the packets by writing on them.  Id. at 8.

Plaintiff was to be charged $11 for each damaged packet, $22 in total, though it is unclear if the $22 was taken from plaintiff's account.  Id. at 4-5, 8, 22-24.  Plaintiff states he was placed in the special housing unit for 153 days due to the rule violation. Id. at 5. The rules violation report mental health assessment document that was submitted with complaint notes that the offense could not result in a special housing unit term.  Id. at 12.  Plaintiff also states he was denied access from the law library for 30 days after the rule violation.  Id. at 5.  As a result, Plaintiff was forced to request an extension of time from the district court for matters unrelated to the present case.  Id.  It is unclear from Plaintiff's complaint if that request was granted.  Id.

Plaintiff was provided notice of the rules violation on July 24, 2018.  Id. at 17.  An investigation into the incident was done by Officer A. Cid on August 3, 2018, during which the plaintiff declined to make a statement or request witnesses for the disciplinary hearing relating to the rule violation.  Id. at 5, 16, 17.  A mental health assessment was conducted on August 30,

2018, by a clinician, who concluded the rule violation was not caused by any disability. Id. at 5, 10-14, 18. At the disciplinary hearing, Lieutenant J. Baker found the plaintiff not guilty of the rules violation. Id. at 5, 21-24.

## II. DISCUSSION

The Court finds plaintiff fails to allege sufficient facts to state a cognizable claim against defendant Hubbard for either a due process violation or denial of access to the courts.

### A.     **Due Process**

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56.

Plaintiff's allegations show that he was afforded due process with regards to his disciplinary hearing. While the time constraints of having the disciplinary hearing within 30 days of the issuance of the rules violation were not met, Plaintiff was provided notice of the rules violation, given an investigative agent who reviewed the incident that resulted in the rules violation, and was given the opportunity to speak on his own behalf as well as call witnesses at the disciplinary hearing. Finally, the Court notes that, according to documents attached to plaintiff's complaint, he was found not guilty of any rules violation. From the facts as alleged it does not appear that the Defendant was a part of the process whatsoever, beyond writing the

3

initial rules violation, and the Court finds that the plaintiff cannot state a cognizable due process claim. It does not appear that amendment can cure the defect because, according to the facts alleged, plaintiff received all the process he was due in connection with his disciplinary proceeding.

### B.     Access to the Courts

Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right includes petitioning the government through the prison grievance process. See id. Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

/ / /

/ / /

/ / /

The plaintiff alleges that as a result of the rules violation written by the defendant he was denied access to the law library for a period of 30 days, and that as a result he was forced to request an extension from the court on other pending litigation. It is unclear whether this request for an extension was granted by the court. Without knowing if the extension was granted it is unclear if an actual injury to plaintiff occurred in the form of prejudice with respect to his existing litigation in the district court. Plaintiff will be provided an opportunity to amend to clarify his allegations, particularly those facts relating to what, if any, injury he suffered as a result of lack of access to the prison law library.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See <u>Ferdik</u>, 963 F.2d at 1260-61; <u>see also</u> Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: September 17, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE