IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>                Plaintiff,<br><br>        v.<br><br>A. HUBBARD,<br><br>                Defendant. | No.  2:20-CV-1577-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with his original complaint filed on August 5, 2020. See ECF No. 1. On September 17, 2020, the Court screened the original complaint. See ECF No. 9. The Court summarized Plaintiff's allegations as follows:

> Plaintiff is currently incarcerated at California State Prison, Corcoran, however the events alleged took place at California State Prison, Sacramento. Plaintiff is filing suit against a senior librarian at the California State Prison, Sacramento, Ms. A. Hubbard. ECF No. 1, pg. 4. Plaintiff is alleging a violation of his right to due process for the issuance of a rules violation report and the subsequent alleged repercussions. Id. On July 12, 2018, plaintiff returned two packets of legal paging that had been borrowed from the prison's legal library. Id. Plaintiff states that at the time he returned the documents there was no writing on them. Id. The defendant, Ms. A. Hubbard, wrote a rules violation report for the incident on July 13, 2018, stating that plaintiff had damaged the packets by writing on them. Id. at 8.
> Plaintiff was to be charged $11 for each damaged packet, $22 in total, though it is unclear if the $22 was taken from plaintiff's account. Id. at 4-5, 8, 22-24. Plaintiff states he was placed in the special housing unit for 153 days due to the rule violation. Id. at 5. The rules violation report mental health assessment document that was submitted with the complaint notes that the offense could not result in a special housing unit term. Id. at 12. Plaintiff also states he was denied access from the law library for 30 days after the rule violation. Id. at 5. As a result, Plaintiff was forced to request an extension of time from the district court for matters unrelated to the present case. Id. It is unclear from Plaintiff's complaint if that request was granted. Id.
> Plaintiff was provided notice of the rules violation on July 24, 2018. Id. at 17. An investigation into the incident was done by Officer A. Cid on August 3, 2018, during which the plaintiff declined to make a statement or request witnesses for the disciplinary hearing relating to the rule violation. Id. at 5, 16, 17. A mental health assessment was conducted on August 30, 2018, by a clinician, who concluded the rule violation was

///

///

not caused by any disability. Id. at 5, 10-14, 18. At the disciplinary hearing, Lieutenant J. Baker found the plaintiff not guilty of the rules violation. Id. at 5, 21-24.

ECF No. 9, pgs. 2-3.

The Court identified two claims: (1) a due process claim related to the rules violation report and disciplinary hearing; and (2) an access-to-courts claim related to inability to access the law library. See id. at 3-5.  The Court concluded Plaintiff failed to state a cognizable claim under either theory and granted Plaintiff leave to amend.  See id. at 5-6.  In particular, while the Court concluded Plaintiff's due process claim was not amenable to amendment, the Court found that Plaintiff's access-to-courts claim could be amended.  Plaintiff subsequently filed his first amended complaint now before the Court.  See ECF No. 10.

### B. Plaintiff's Current Allegations

In the first amended complaint, Plaintiff continued to name Hubbard as the only defendant. See id. at 1, 2.  Plaintiff reiterates many of the allegations in the original complaint, namely that Plaintiff was issued a rules violation report for damage to state property. See id. at 3. Plaintiff contends that, while he was found not guilty of the charge, "he was not reimbursed his $22 dollars that the Defendant A. Hubbard has taken from the Plaintiff [sic] account." Id. at 4.

## II. DISCUSSION

Plaintiff appears to have abandoned his access-to-courts claim and to have recast his due process claim.  As to the latter, Plaintiff now claims Hubbard has improperly withheld $22.00 from his prison account.

Where a prisoner alleges the deprivation of a property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11.  A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-

3

deprivation process available.  See Zinermon, 494 U.S. at 136-39.  An available state common law tort claim procedure to recover the value of property is an adequate remedy.  See id. at 128-29.

Here, there are no allegations in the first amended complaint upon which the Court could conclude that the deprivation complained of was foreseeable.  Because California's tort claim process provides an adequate post-deprivation remedy, Plaintiff's due process claim is not cognizable.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE